**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Civ. Case No. 26-cv-60976-AHS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| INNOVATIVE PARTNERS, LP, also doing business as INNOVATIVE HEALTH PLAN or HEALTHCARE PLAN, a Texas limited partnership, *et al.*, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF FEDERAL TRADE COMMISSION'S**
**OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO EXTEND**
**TEMPORARY RESTRAINING ORDER FOR 21 DAYS**

In entering the *ex parte* temporary restraining order ("TRO") in this case, the Court found good cause to believe that Defendants illegally marketed and sold a patchwork of healthcare-related products as if they were comprehensive health insurance, and that the Plaintiff Federal Trade Commission ("FTC") "is therefore likely to prevail on the merits of this action."[1] The Court similarly found that Defendants have taken at least $91 million from consumers in connection with their unlawful practices, and that an asset freeze and appointment of a temporary receiver were in the public interest.[2] These findings were supported by volumes of exhibits submitted by the FTC, including over twenty sworn declarations from consumers, law enforcement personnel, and a

---

[1] TRO, Dkt. 13 at 3.
[2] *See id.* at 3-4.

1

health insurance expert; an undercover sales call transcript; and numerous consistent consumer complaints.[3] Based on the FTC's compelling evidentiary showing at the TRO stage, the Court directed Defendants to "show cause, if there is any," why a preliminary injunction should not be entered.[4] Defendants have not done so. Defendants did not file any opposition to the FTC's motion by the TRO's April 22 deadline. And, as detailed below, Defendants have flouted the TRO's prohibitions, including failing to preserve and to turn over evidence. Moreover, Defendants base their extension request on their inability to retain counsel prior to, at the earliest, April 26, 2026. Yet, FTC counsel was contacted by, and in communication with, counsel at the firm Jackson Walker LLP on April 20, 2026, who indicated to FTC counsel that he would represent some of the Defendants in this matter. The Court should deny Defendants' eleventh-hour attempt to forestall a preliminary injunction.

In the days after Individual Defendants Ahmed and Amani Shokry ("the Shokrys") were personally served with the Complaint and TRO, extensive evidence of the operation was destroyed or disposed of, and Defendants continue to withhold information required under the TRO.[5] As detailed in the attached supplemental declaration of an FTC investigator, Defendants or their associates engaged in a remarkable campaign to destroy or dispose of evidence since learning of the TRO, which explicitly prohibits Defendants from "[d]estroying . . . or otherwise disposing of, in any manner, directly or indirectly," information related to Defendants' business.[6] The following

---

[3] *See id.* at 3; *see also* Dkt. 7-2 through 7-33, PX 1–PX 24.
[4] *See* TRO, Dkt. 13 at 35.
[5] It is Plaintiff's understanding that Defendants have not, for example, provided the Receiver with complete access to all electronic communications and records, as required under the TRO. *See generally id.* at 25-28.  Based on the physical material recovered from Defendants' premises at the immediate access—which further supports Plaintiff's allegations—it is highly likely that such electronic information bolsters Plaintiff's claims.
[6] *See* TRO, Dkt. 13 at 18.

photographs were taken outside Defendants' premises at 1401 N. University Dr. in Coral Springs

on the morning of April 20, 2026, days after the Shokrys were personally served with the TRO:



**Figure 1 – Dumpster outside Defendants' premises containing computer (lower left) and document box (lower center left, under trash bags) (April 20, 2026)[7]**

---

[7] *See* Supplemental Declaration of Christine Carson ("Supp. Carson Dec."), PX 25 Attach. F at p. 4.



**Figure 2 – Parking spaces adjacent to dumpster outside Defendants' business premises with discarded electronic equipment and boxes addressed to Individual Defendant Amani Shokry containing consumers' sensitive health and other personally identifiable information (April 20, 2026)[8]**

---

[8] *See id.*, PX 25 Attach. F at p. 1.



**Figure 3 – Example of Medical bill containing consumer's sensitive health and other personally identifiable information found on the ground near parking lot and dumpster at Defendants' business premises
(April 20, 2026) (redaction in photo only—document was unredacted)[9]**

---

[9] *See id.*, PX 25 Attach. F. at p. 9.

In addition to the business documents (with many containing consumers' highly sensitive personal identifying information, including full name, address, date of birth, full Social Security Number, and medical information), numerous computers,[10] and other material found in or near the trash, over a dozen *additional* desktop computers were taken off the premises to an unknown location, possibly in a U-Haul van the day after Individual Defendant Amani Shokry was served.[11] Analysis continues, but one of the desktop computers removed from the premises appears to be Individual Defendant Ahmed Shokry's.[12] Furthermore, inspection of Defendants' premises revealed that the memory of nearly all the computers still inside had been wiped in the days after the Shokrys were served with the TRO.[13] The following photo shows a sample computer monitor as it appeared shortly after law enforcement, the Receiver's counsel, and FTC staff entered Defendants' business premises on April 20, 2026:

\* \* \*

---

[10] *See id.*, PX 25 ¶ 14.

[11] *See id.*, PX 25 ¶¶ 9, 14.

[12] *See id.*, PX 25 ¶ 16. Defendants' counsel in a different matter returned these computers after a request from the Receiver's counsel. *See id.*

[13] *See id.*, PX 25 ¶ 13.



**Figure 4 – Screen at Defendants' premises—message begins "A configuration change was requested to Clear this computer's TPM (Trusted Platform Module)" (April 20, 2026)[14]**

Defendants' brazen violations of the TRO—including callous disregard for consumers' sensitive health and personal information tossed in a dumpster and strewn across a parking lot in the days after the order's entry—underscore why preliminary injunctive relief is necessary and appropriate. Put simply, the events since entry of the TRO show Defendants cannot be trusted to operate this business lawfully. Plaintiff therefore respectfully requests that this Court deny Defendants' request for an extension of the TRO and proceed to consideration of Plaintiff's as-yet

---

[14] *See id.*, PX 25 Attach. E at p. 3.

7

unopposed request for a preliminary injunction, which would make the Receiver permanent and

permit Plaintiff and the Receiver to focus on securing Defendants' compliance with the Court's

orders.

Dated: April 28, 2026

Respectfully submitted,

/s/ William J. Hodor
Matthew Schiltz (Special Bar No. A5502617)
mschiltz@ftc.gov; (312) 960-5619
William J. Hodor (Special Bar No. A5501501)
whodor@ftc.gov; (312) 960-5592
Federal Trade Commission
Midwest Region
230 S. Dearborn Street, Room 3030
Chicago, Illinois 60604

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION