# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Civ. Case No. 26-60976-CIV-SINGHAL

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INNOVATIVE PARTNERS, LP, also doing business as INNOVATIVE HEALTH PLAN or HEALTHCARE PLAN, a Texas limited partnership, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## EXHIBIT SUPPORTING PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER

Declaration of Christine Carson.......................................................................................... PX 25
Investigator, Federal Trade Commission

Dated: April 28, 2026

Presented by:

/s/ William J. Hodor
Matthew G. Schiltz (Special Bar No. A5502617)
William J. Hodor (Special Bar No. A5501501)
Federal Trade Commission, Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5619 [telephone, Schiltz]
(312) 960-5592 [telephone, Hodor]
mschiltz@ftc.gov [e-mail, Schiltz]
whodor@ftc.gov [e-mail, Hodor]

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# PX 25

**SUPPLEMENTAL DECLARATION OF CHRISTINE CARSON**
**PURSUANT TO 28 U.S.C. § 1746**

I, Christine Carson, hereby declare as follows:

1.      My name is Christine Carson.  I am a United States citizen and over eighteen years of age.  I have been employed with the Federal Trade Commission ("FTC" or "Commission") for over four years and have held the position of investigator for over two years.  My office address is 230 South Dearborn Street, Room 3030, Chicago, Illinois 60604.

2.      As part of my duties, I research, monitor, and investigate parties who are suspected of engaging in deceptive or unfair acts or practices in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, the Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461, the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §§ 6801–6809, §§ 6821–6827, and other laws or rules enforced by the FTC. I gather information and review documents, financial records, and other evidence in connection with FTC investigations and federal court litigation. I previously submitted a declaration in Federal Trade Commission v. Innovative Partners, LP, *et al*., Case No. 26-cv-60976, which I executed on April 3, 2026 (Dkt. 7, Exhs. 20-33). In the course of this matter, I have acquired personal knowledge and information about the facts stated herein, and, if called as a witness, would testify to the same.

3.      Throughout this declaration and in its attachments, information that constitutes or would reveal personally identifiable information has been redacted.

**Service Upon Defendants**

4.      On April 17, 2026, at 8:26 p.m., a process server hired by the FTC served defendant Amani Ibrahim Shokry (Dkt. 26) at her residence in Miami, Florida, with a copy of the complaint, summons, and all other documents filed by the FTC on April 7, 2026, and orders of the Court

1

dated April 14 and 15, 2026, including the Sealed *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO") (Dkt. 13).

5.      On April 18, 2026, at 7:00 p.m., a process server hired by the FTC served defendant Ahmed Ibrahim Shokry (Dkt. 25) at his residence in Fort Lauderdale, Florida, with a copy of the complaint, summons, and all other documents filed by the FTC on April 7, 2026, and orders of the Court dated April 14 and 15, 2026, including the Sealed *Ex Parte* TRO (Dkt. 13).

6.      On April 20, 2026, at 1:50 p.m., a process server hired by the FTC served a copy of the complaint, summons, and all other documents filed by the FTC on April 7, 2026, and orders of the Court dated April 14 and 15, 2026, including the Sealed *Ex Parte* TRO (Dkt. 13), upon corporate defendants Innovative Partners, LP, American Collective, LP, and Health Plan Administrators, LLC, through their registered agent, Northwest Registered Agent, LLC, in St. Petersburg, Florida (Dkts. 28–30).

7.      On April 21, 2026, at 8:32 a.m., a process server hired by the FTC served a copy of the complaint, summons, and all other documents filed by the FTC on April 7, 2026, and orders of the Court dated April 14 and 15, 2026, including the Sealed *Ex Parte* TRO (Dkt. 13) upon corporate defendant Papyrus Green Investments, LLC, through their registered agent, Best Registered Agent LLC, in Dover, Delaware (Dkt. 31).

## <u>Conduct Prior to Immediate Access</u>

8.      On April 18, 2026, at approximately 12:00 p.m., FTC counsel and I visited the defendants' business location at 1401 N. University Drive, Coral Springs, Florida, which is subject to this Court's TRO (Dkt. 13). I observed that the Wi-Fi network for Innovative Partners appeared

to be broadcasting and available to connect. There were very few vehicles in the parking lots, and no U-Haul vehicle was present.

9.     On April 18, 2026, at approximately 3:26 p.m., FTC counsel and I arrived at the defendants' business location at 1401 N. University Drive, Coral Springs, Florida, and observed a U-Haul van parked near the front doors of the building with its doors open. I took videos and photographs of the van using my FTC-issued cellphone. A screenshot from the video taken as we drove into the parking lot is attached hereto as **Carson Attachment A**. We then parked and continued to watch the U-Haul. At approximately 3:41 p.m., I observed what appeared to be a white male exit the building carrying what appeared to be a piece of electronic equipment, which he loaded into the open rear doors of the U-Haul van. I recorded this activity on video. As we drove by, this person looked at me, then stepped onto the building's porch and peeked over a ledge, continuing to watch us as we drove away. Attached hereto as **Carson Attachment B** are screenshots from this video.

10.     FTC counsel and I drove a short distance and parked in a nearby lot. When FTC counsel and I returned to the University Drive location at approximately 4:00 p.m., the U-Haul van was no longer present. However, I observed a black office chair with a red seat on the building's porch. I also checked the building's dumpster and found two bags of trash contained in it. I observed fast-food wrappings, some shredded material, and minimal trash inside the trash bags. Attached hereto as **Carson Attachment C** are photographs of the office chair and the bags of trash, found in the building's dumpster on April 18, 2026.

11.     On April 19, 2026, at approximately 9:57 a.m., FTC counsel and I returned to the defendants' business location at 1401 N. University Drive, Coral Springs, Florida. I observed that the Wi-Fi network for Innovative Partners no longer appeared to be broadcasting and that the

dumpster contained a few additional items, including two large but empty cardboard boxes, but was otherwise unremarkable. The parking lots were empty, and there was no U-Haul vehicle present. Later that day, at approximately 3:36 p.m., FTC counsel and I returned to the building. I observed the same conditions as in the morning:  Wi-Fi not broadcasting, no vehicles in the parking lots immediately adjacent to the building, and minimal trash in the dumpster. No U-Haul vehicle was present in the afternoon either. Attached hereto as **Carson Attachment D** are screenshots and photographs I took at the building on April 19, 2026, as well as a screenshot I took on April 18 showing that the Innovative Partners Wi-Fi appeared to be broadcasting, for context.

### Immediate Access and Evidence Destruction

12.     The immediate access of 1401 N. University Drive, Coral Springs, Florida, authorized under the TRO issued by the Court, was executed on April 20, 2026, at approximately 10:00 a.m., with the assistance of the United States Marshal Service.

13.     As part of my duties during an inspection of a business premises, I am tasked with labeling rooms, desks, and cabinets as well as taking photos and videos of the space and contents. When I entered the defendants' office suite on the second floor, I observed that one room containing more than fifty cubicles appeared to be a call center and the workstations were essentially empty and devoid of computer equipment. Another room containing more than sixty cubicles had computers at most or all workstations, and many of the computers appeared to be processing system updates. Attached hereto as **Carson Attachment E** are photographs and video screenshots I took of these call center rooms.

14.     At approximately 11:00 a.m., I went outside to inspect the area near the building's dumpster and surrounding area. When I arrived outside, I observed a large area enclosed in "Caution" tape next to an overflowing dumpster. In the enclosed area, I observed many computers

4

and other office equipment stuffed in U-Haul and Home Depot-branded cardboard boxes, several banker's boxes of documents containing consumers' Personal Identifying Information ("PII"), and several red seated chairs. These chairs are the same as the chair I saw on the building's porch on April 18. I also observed consumers' health claim forms and related documents loose on the ground and blowing around the area. The PII that I observed included consumers' names, addresses, full unredacted Social Security Numbers, and medical information. Inside the dumpster, I observed many more computers and monitors along with many more banker's boxes of documents containing consumers' PII. These computers and banker's boxes were buried under bags of trash. I observed that numerous of the banker's boxes in and around the dumpster were addressed to defendant Amani Shokry at Innovative Partners, 1401 N. University Drive, Suite 207, Coral Springs, Florida 33071. I am aware that shortly after discovering the outside disposed contents, counsel for the Receiver hired a moving company to assist with retrieving items from the dumpster and returning them to the defendants' business premises. Prior to the Receiver's office staff, FTC staff, and movers returning the discarded items inside the business premises for inventory and safekeeping, I took photos and videos. Attached hereto as **Carson Attachment F** is a sampling of photographs and video screenshots of the dumpster and surrounding area.

15.     Later in the evening on April 20, 2026, while still at the business premises, I am aware that the Receiver's counsel requested the return of any computers that were removed from the business premises and that an attorney representing the defendants in other matters returned thirteen desktop-style computers to the building's premises. It is my understanding that one of these returned computers appears to belong to and have been used by defendant Ahmed Shokry.

16.     On April 24, 2026, at approximately 1:50 p.m., I spoke by phone with Rob Wicha of Sound Specialist of South Florida Inc. Mr. Wicha informed me that he had recently installed a

security system at a new (and unknown) office location for Innovative Partners. He also informed me that he received a phone call from an Innovative Partners' employee named "Jon" on April 21, 2026, at 1:38 p.m., after the Receiver had taken control of the business pursuant to the TRO. Mr. Wicha told me that he and "Jon" returned to the office at 1401 N. University Drive, Coral Springs, to attempt to retrieve the security system, including any video footage of the business premises, but that they were unable to enter the space because the locks had been changed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2026.

Christine Carson

6

# Carson Attachment A



**Carson Attachment A, Page 1 of 1**

# Carson Attachment B



Carson Attachment B, Page 1 of 2



Carson Attachment B, Page 2 of 2

# Carson Attachment C






**Carson Attachment C, Page 1 of 1**

# Carson Attachment D



**Carson Attachment D, Page 1 of 3**



**Carson Attachment D, Page 2 of 3**



# Carson Attachment E



**Carson Attachment E, Page 1 of 7**













Carson Attachment E, Page 7 of 7

# Carson Attachment F



**Carson Attachment F, Page 1 of 10**





**Carson Attachment F, Page 3 of 10**



**Carson Attachment F, Page 4 of 10**



**Carson Attachment F, Page 5 of 10**



Carson Attachment F, Page 6 of 10



Carson Attachment F, Page 7 of 10



**Carson Attachment F, Page 8 of 10**



**Carson Attachment F, Page 9 of 10**



**Carson Attachment F, Page 10 of 10**