UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60976-CIV-SINGHAL

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

INNOVATIVE PARTNERS, LP d/b/a
INNOVATIVE HEALTH PLAN or
HEALTHCARE PLAN, *et al.,*

     Defendants.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on the hearing held today.  The Court has considered the arguments raised by counsel for the Federal Trade Commission, Defendants, and the Receiver, as well as the record.

Plaintiff alleges there is good cause to believe that in numerous instances, Defendants, in the marketing and sale of healthcare-related products, have violated the Federal Trade Commission Act as well as other laws and trade regulation rules enforced by the Commission, including but not limited to misrepresenting material facts about health-care related products, Defendants' identity, and consumers' existing healthcare coverage. Plaintiff further alleges there is good reason to believe Defendants have unfairly charged consumers without consumers' express informed consent and obtained or attempted to obtain the customer information of a financial institution by making false, fictitious, or fraudulent statements or representations to customers of financial institutions.

As support for the *ex parte* temporary restraining order in this case, Plaintiff alleged there is good cause to believe that since at least 2023, Defendants have taken at least $91 million from consumers in connection with their unlawful practices.  And, Plaintiff alleges there is also good cause to believe that since the entry of the Court's Temporary Restraining Order (DE 13]) on April 15, 2026, the Defendants have destroyed evidence. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  The Temporary Restraining Order shall be **EXTENDED** until **May 21, 2026**.

2.  All Defendants **SHALL APPEAR** at the United States Courthouse & Federal Building, 299 E. Broward Boulevard, Courtroom 110, Fort Lauderdale, Florida 33301 for a sanctions' hearing on **April 30, 2026 at 3:00 p.m.** to determine if appropriate sanctions are warranted based on the allegations and defenses for Defendants for destroying evidence.  If sanctions are found to be warranted, the Parties are directed to be prepared to advise the Court whether appropriate sanctions are available short of incarceration.

3.  Counsel for Defendants shall ensure that each Defendant has a copy of this Omnibus Order in advance of the April 30, 2026 hearing.

4.  To the extent that a Defendant is a corporate entity, a person with sufficient authority to resolve matters for the corporate entity must appear in person for the April 30, 2026 hearing.

5.  Paul O. Lopez **SHALL BE APPOINTED** as the permanent Receiver of Corporate Defendant(s) as well as any other entity that has conducted any business related to the marketing, sale, and provision of Defendants'

healthcare-related products, including by receiving Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 29th day of April 2026.

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF