UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

        Plaintiff,

vs.

CASE NO. 26-60976-CIV-SINGHAL

INNOVATIVE PARTNERS, LP, d/b/a
INNOVATIVE HEALTH PLAN or
HEALTHCARE PLAN; AMERICAN
COLLECTIVE, LP, d/b/a
ACLP HEALTH PLAN; HEALTH PLAN
ADMINISTRATORS, LLC; PAPYRUS
GREEN INVESTMENTS LLC; AHMED
IBRAHIM SHOKRY; AMERICAN
COLLECTIVE, LP; PAPYRUS
GREEN INVESTMENTS LLC; and
AMANI IBRAHIM SHOKRY;

        Defendants.
_____/

## RECEIVER'S MOTION TO COMPEL COMPLIANCE WITH RECEIVERSHIP ORDER AND FOR CONTEMPT

Paul O. Lopez (the "Receiver") as Receiver for Innovative Partners, LP d/b/a Innovative Health Plan or Healthcare Plan; American Collective, LP, d/b/a ACLP Health Plan; Health Plan Administrators, LLC; and Papyrus Green Investments, LLC (collectively, the "Receivership Entities"), by his undersigned counsel, files this Motion to Compel Compliance with this Court's Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue [D.E. 13] (the "Receivership Order") against all of the Receivership Entities, and as cause, state as follows:

### INTRODUCTION

1.      On April 15, 2026, this Court entered the Receivership Order appointing Paul O. Lopez as Receiver for the Receivership Entities.

#3492365v1-221495.0001

2.      Section VII of the Receivership Order provides in pertinent part that parties holding, controlling or maintaining custody of Assets and/or Documents[1] of the Defendants shall:

**C. Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:**

**1. The identification number of each such account or Asset;**

**2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and**

**3. The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant.**

*Receivership Order*, Section VII, paragraph C, 1-3.

**D.      Provide Plaintiff's counsel and the Receiver, within five (5) days of a request from…the Receiver, with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities.**

*Receivership Order*, Section VII, Section D.

3.      Section VIII of the Receivership Order provides in pertinent part that each Defendant, within (5) days of service of the Order upon them, shall prepare and deliver:

**A.      Completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for each Individual Defendant, and Attachment B (Financial Statement of Corporate Defendant) for each Corporate Defendant; and**

---

[1] Any capitalized terms used herein shall have the same definition as is ascribed to them in the Receivership Order.

#3492365v1-221495.0001

**B.      Completed Attachment C (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.**

*Receivership Order*, Section VIII.

4.      Furthermore, pursuant to Section XV of the Receivership Order, the Receiver is both authorized and directed to:

> Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

> Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; and

> Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts) by changing usernames, passwords, or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

*Receivership Order*, Section XV, paragraphs B, C, and E.

5.      Additionally, pursuant to Section XVI of the Receivership Order, Defendants and any other person with possession, custody, or control of property of, or records relating to, the Receivership Entities shall transfer or deliver to the Receiver possession, custody, and control of

**A.      All Assets held by or for the benefit of the Receivership Entities;**

**B.      All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card**

#3492365v1-221495.0001

**processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;**

C. **All Documents of or pertaining to the Receivership Entities;**

D. **All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;**

E. **All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and**

F. **All keys, codes, usernames, and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.**

*Receivership Order*, Section XVI, paragraphs A-F.

6. By April 20, 2026, at the latest, the Receivership Entities had received a copy of the Receivership Order. *See* [D.E. #40, page 1].

7. As of the date and time of this filing, the Receivership Entities have failed to comply with the Receivership Order on multiple occasions as well as on a continuous and ongoing basis by acting or failing to act in the following manner:

A. Failing to provide the Receiver, within three (3) days of receiving a copy of the Receivership Order, a sworn statement setting forth, for each Asset or account covered by this Section:

i. The identification number of each such account or Asset;

ii. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

4

#3492365v1-221495.0001

B.   Failing to provide the Receiver, within five (5) days of a request from the Receiver, with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities.

C.   Failing to, within (5) days of service of the Receivership Order, prepare and deliver to the Receiver:

i.   Completed financial statements on the forms attached to this Order as Attachment A (Financial Statement of Individual Defendant) for each Individual Defendant, and Attachment B (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

ii.   Completed Attachment C (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

D.   Failing to provide the Receiver with access to the email records of any of the Receivership entities. Defendant Innovative Partners, LP has provided the Receiver with a login and password for email access. However, in order to gain access to these email records, two-step authentication needs to take place utilizing a cell phone where the telephone number of the unit ends in 72, and the Receivership Entities have not provided such access. With respect to the Defendant American Collective, LP, counsel for this Defendant has provided the Receiver with a login and password that is invalid.  The remaining Receivership Entities have not provided their email records after demand.

E.   Failing to provide to the Receiver complete information as to the identity and relationship of all (a) cost centers utilized by the Receivership Entities, (b) all CRMs utilized by the Receivership Entities,(c) all benefits processors utilized by the Receivership Entities and (d) all subcontractors utilized by the Receivership Entities to perform the tasks of those listed above.

F.   Failing to provide to the Receiver the identity and contact information for the so-called subtenants or independent contractors utilizing the leased space of the Receivership entities at 1401 N. University Dr., Coral Springs, FL.

G.   The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Receivership entity Defendant, or is otherwise subject to access by any Receivership entity.

5

9.      Attached hereto and collectively marked **Exhibit "A"** are copies of emails from counsel to the Receiver to different counsel for the Receivership Entities seeking the documents and information as listed above.

10.     Despite the undersigned's attempt to resolve this matter in good faith, the Receivership Entities' refusal to comply with the Receiver's request constitutes a violation of the Receivership Order. Therefore, this Court should grant the foregoing Motion, compel each and every Receivership Entity to fully comply with the Receivership Order, and hold each of the Receivership Entities in contempt of this Court for its refusal to comply with this Court's Receivership Order pursuant to the terms of that Order.

## MEMORANDUM OF LAW

A party claiming the violation bears the initial burden to establish, by clear and convincing evidence, that the alleged contemnor violated an outstanding court order. *Howard Johnson Co., Inc. v. Khimani*, 892 F. 2d 1512, 1516 (11th Cir. 1990) (citing *Newman v. Graddick*, 740 F. 2d 1513, 1525 (11th Cir. 1984)); *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F. 2d 1525, 1529 (11th Cir. 1992). The movant must demonstrate, by clear and convincing evidence, that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Id*. Once the movant makes a *prima facie* showing of a violation, the burden of production shifts to the alleged contemnor to produce evidence explaining noncompliance, or to show an inability to comply. *Wellington Precious Metals*, 950 F. 2d at 1529; *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

In order to satisfy the shifted burden, the alleged contemnor must do more than offer a mere assertion of inability to comply with the order alleged to have been violated but must also introduce

6

supporting evidence of the inability to comply. An inability to comply is shown only by demonstrating that the party made "in good faith all reasonable efforts to comply." *Citronelle-Mobile Gathering*, 943 F.2d at 1301 (citing *United States v. Ryan*, 402 U.S. 530, 534 (1971)). This requirement is construed strictly: substantial, diligent, or good-faith efforts are insufficient if "all reasonable efforts" were not made. *Id*. (citing *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984); *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986))).

If the alleged contemnor makes "a sufficient showing" of inability, the "burden shifts back to the initiating party" to prove "ability to comply." *Braver v. Wachob*, 2025 WL 1676132, at *5 (S.D. Fla. June 13, 2025) (citing *Wellington Precious Metals, Inc.*, 950 F.2d at 1529 (noting the movant "retains the ultimate burden of proof")).

Here, there is no question that the Receivership Order is valid and lawful, is clear and unambiguous, and that the Receivership Entities received a copy of the Receivership Order and had the ability to comply with it. As the testimony at the hearing on April 30, 2026, revealed, Defendant Ahmed Shokry was served with the Receivership Order and is the principal of the Receivership Entities. He has retained counsel and has the present ability to cause the Receivership Entities to comply with the Receivership Order, yet has failed to do so. Thus, the Receivership Entities should be held in contempt.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), prior to the filing of this motion, the undersigned conferred with counsel for legal counsels for the Defendants via videoconference as to the documents, assets and cooperation sought from Defendants in a good faith effort to resolve this matter.

**Dated this 1ˢᵗ day of May, 2026**

7

#3492365v1-221495.0001

8

TRIPP SCOTT, P.A.
As Counsel to the Receiver
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Phone: (954) 525-7500

By: /s/Charles M. Tatelbaum
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540
cmt@trippscott.com
David A Ray, Esquire
Florida Bar No. 13871
dar@trippscott.com
aaa@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of May, 2026, I electronically filed the

foregoing document via this Court's CM/ECF system which provided a true copy to all those

registered to receive such notice.

By: /s/ Charles M. Tatelbaum
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540

8

#3492365v1-221495.0001