UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60976-CIV-SINGHAL

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

INNOVATIVE PARTNERS, LP d/b/a
INNOVATIVE HEALTH PLAN or
HEALTHCARE PLAN, *et al.,*

     Defendants.

_____/

## STIPULATED PRELIMINARY INJUNCTION[1]

On April 7, 2026, Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101–6108; the Rule on Impersonation of Government and Businesses ("Impersonation Rule"), 16 C.F.R. Part 461; and Section 521 of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6821 (Dkt. 1), and moved, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65(b), for a temporary restraining order with asset freeze, appointment of a receiver, other relief, and an order to show cause why a preliminary injunction should not issue against Defendants Innovative Partners, LP, also doing business as Innovative

---

[1] The Court having carefully reviewed the papers filed at this stage of the case and finding them to be in compliance with all legal requirements, adopts in this Order the language suggested by the parties, with little alteration.

Health Plan or Healthcare Plan; American Collective, LP, also doing business as ACLP Health Plan; Health Plan Administrators, LLC; Papyrus Green Investments LLC; Ahmed Ibrahim Shokry; and Amani Ibrahim Shokry ("TRO Motion") (DE [7]).

On April 15, 2026, the Court issued a Sealed *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO") (DE [13]).

The FTC and Defendants Innovative Partners, LP, also doing business as Innovative Health Plan or Healthcare Plan; American Collective, LP, also doing business as ACLP Health Plan; Health Plan Administrators, LLC; Papyrus Green Investments LLC; Ahmed Ibrahim Shokry; and Amani Ibrahim Shokry ("Defendants") have stipulated to entry of this Stipulated Preliminary Injunction ("Order"). This Court, having considered the parties' stipulations, the Complaint, the *ex parte* Motion for a Temporary Restraining Order, and the record, by stipulation of the parties and for other cause appearing, hereby finds and orders as follows:

## FINDINGS OF FACT

A.      This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it will have jurisdiction over the parties and that venue in this district is proper.

B.      Defendants have been properly served with process under Federal Rule of Civil Procedure 4.

C.      Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

D.      In granting the TRO, the Court found that there is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the Telemarketing Sales Rule, 16 C.F.R. Part 310; the Impersonation Rule, 16 C.F.R. Part 461; and Section 521 of the GLB Act, 15 U.S.C. § 6821, and that Plaintiff is therefore likely to prevail on the merits of this action.

E.      The Court also found that there is good cause to believe that since at least 2023, Defendants have taken at least $91 million from consumers in connection with their unlawful practices.

F.      The Court also found that there is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the Telemarketing Sales Rule, the Impersonation Rule, and the GLB Act unless Defendants are restrained and enjoined by order of this Court.

G.      The Court also found that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers— including monetary restitution, rescission or reformation of contracts, or the refund of money or return of property—will continue to occur from the sale, transfer, destruction, or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court.

H.      For the reasons stated in the TRO, good cause exists for the Court to order the continued freeze of all Defendants' assets and the ancillary relief described below.

I.      The entry of this Order is in the public interest.

J.      Defendants agree to the entry of this Order without any admission of wrongdoing as to the allegations in the Complaint, except as specifically stated in this

Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

K.      This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

L.      Plaintiff FTC is an agency of the United States.  No security is required of any agency of the United States for issuance of a preliminary injunction order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" includes any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, and all proceeds, product, offspring, rents, or profit of or from that property.

B.      "**Assisting Others**" includes:  (a) performing customer service functions, including receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication; (c) formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services; (d) providing names of, or assisting in the generation of, potential customers; (e) performing marketing, billing, payment processing, or payment services of any kind; or (f) acting or serving as an owner, officer, director, manager, or principal of any entity.

4

C.      "**Corporate Defendant(s)**" means Innovative Partners, LP, also doing business as Innovative Health Plan or Healthcare Plan; American Collective, LP, also doing business as ACLP Health Plan; Health Plan Administrators, LLC; and Papyrus Green Investments LLC, and each of their subsidiaries, affiliates, successors, and assigns.

D.      "**Defendant(s)**" means Corporate Defendant(s) and Individual Defendant(s), individually, collectively, or in any combination.

E.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including email and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

F.      "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes

any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.      "**Individual Defendant(s)**" means Ahmed Ibrahim Shokry and Amani Ibrahim Shokry, individually, collectively, or in any combination.

H.      "**Negative Option Feature**" means, in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer.

I.      "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

J.      "**Receiver**" means the receiver appointed in Section XIV of this Order and any deputy receivers that shall be named by the receiver.

K.      "**Receivership Entities**" means Corporate Defendant(s) as well as any other entity that has conducted any business related to the marketing, sale, and provision of Defendants' healthcare-related products, including by receiving Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

L.      "**Telemarketer**" means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

M.      "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

6

## ORDER

It is hereby **ORDERED AND ADJUDGED** as follows:

I.     **PROHIBITED MISREPRESENTATIONS AND UNFAIR BUSINESS PRACTICES**

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any goods or services, are restrained and enjoined from:

A.     Misrepresenting, or Assisting Others in misrepresenting, expressly or by implication:

1.     That Defendants' products are, or provide benefits commensurate with, Preferred Provider Organization ("PPO") policies or other comprehensive health insurance plans;

2.     That Defendants are, or are affiliated with, government-sponsored health insurance programs, such as Medicaid or state or federal marketplaces;

3.     That Defendants are, or are affiliated with, insurance carriers;

4.     That consumers must pay Defendants to maintain or otherwise prevent disruption of their existing health insurance coverage; or

5.     Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; or

B.     Charging consumers without their express informed consent.

## II.      PROHIBITIONS REGARDING TELEMARKETING

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with Telemarketing of any goods or services, are restrained and enjoined from:

A.      Initiating, or causing others to initiate, an Outbound Telephone Call:

1.      That misrepresents, directly or indirectly, expressly or by implication, that:

a.      Defendants' products are, or provide benefits commensurate with, PPO policies or other comprehensive health insurance plans;

b.      Defendants are, or are affiliated with, government-sponsored health insurance programs, such as Medicaid or state or federal marketplaces;

c.      Defendants are, or are affiliated with, insurance carriers; or

d.      Consumers must pay Defendants to maintain or otherwise prevent disruption of their existing health insurance coverage;

2.      That fails to disclose truthfully, in a clear and conspicuous manner, before consumers consent to pay for any healthcare-related products, material restrictions, limitations, or conditions to purchase, receive, or use the products that are the subject of the sales offer, including that such products:

a.      Limit the monetary benefits provided for medical services;

b.      Impose no limit on the amount consumers might have to

8

spend on healthcare costs; and

      c.      Do not pay benefits for any illness-related expenses incurred during the first 30 days after the product's effective date, or within the first 12 months for medical expenses related to treatment of a pre-existing condition; or

      3.      That fails to disclose truthfully, in a clear and conspicuous manner, before consumers consent to pay for any healthcare-related products, all material terms and conditions of any Negative Option Feature, including the specific steps consumers must take to cancel the negative-option charges;

B.      Charging consumers for any products or services for which the consumers have not provided their express informed consent; or

C.      Violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310.

## III.    <u>PROHIBITIONS ON IMPERSONATION OF GOVERNMENT AND BUSINESSES</u>

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any goods or services, are restrained and enjoined from:

A.      Materially and falsely posing, directly or by implication:

      1.      As a government entity, including government-sponsored health insurance programs like Medicaid or state or federal marketplaces; or

      2.      As a business, including insurance carriers;

9

B.      Materially misrepresenting, directly or by implication, affiliation with, including endorsement or sponsorship by:

1.      A government entity, including by representing that they are affiliated with government-sponsored health insurance programs, such as Medicaid or state or federal marketplaces; or

2.      A business, including insurance carriers; or

C.      Violating any provision of the Impersonation Rule, 16 C.F.R. Part 461.

## IV.  PROHIBITIONS REGARDING CUSTOMER INFORMATION OF A FINANCIAL INSTITUTION

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any goods or services, are restrained and enjoined from:

A.      Making false, fictitious, or fraudulent statements or representations to customers of financial institutions to obtain or attempt to obtain customer information of a financial institution, such as credit or debit card numbers, including by representing to customers of financial institutions, directly or indirectly, expressly or by implication, that:

1.      Defendants' products are, or provide benefits commensurate with, PPO policies or other comprehensive health insurance plans;

2.      Defendants are, or are affiliated with, government-sponsored health insurance programs, such as Medicaid or state or federal marketplaces;

3.      Defendants are, or are affiliated with, insurance carriers; or

10

4.      Consumers must pay Defendants to maintain or otherwise prevent disruption of their existing health insurance coverage; or

B.      Violating Section 521 of the GLB Act, 15 U.S.C. § 6821.

## V.      PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; or

B.      Benefiting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however*, that Defendants may disclose such identifying information to a law enforcement agency; to their attorneys as required for their defense; as required by any law, regulation, or court order; or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

11

## VI. ASSET FREEZE

Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.      Owned or controlled, directly or indirectly, by any Defendant;

2.      Held, in part or in whole, for the benefit of any Defendant;

3.      In the actual or constructive possession of any Defendant; or

4.      Owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

B.      Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order, and after providing Plaintiff prior notice and an opportunity to inspect the contents to determine that they contain no Assets covered by this Section;

C.       Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.       Depositing or cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time of the Court's TRO entry on April 15, 2026; and (2) Assets obtained by Defendants after entry of the TRO if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers of Assets to the Receiver or agreed to in writing by Plaintiff, or repatriation of foreign Assets specifically required by this Order.

## VII.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

Any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that is owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or

13

constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant; (b) holds, controls, or maintains custody of any Document or Asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled, or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

B.      Deny any person, except the Receiver, access to any safe deposit box, commercial mailbox, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.      Unless the entity has already furnished the sworn statement required by Section VII of the TRO and the information in that statement has not changed, provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1.      The identification number of each such account or Asset;

14

2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.      The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D.      Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities.

*Provided, however*, that this Section does not prohibit any transfers to the Receiver or agreed to in writing by Plaintiff, or repatriation of foreign Assets specifically required by this order.

## VIII.   **FINANCIAL DISCLOSURES**

Each Defendant, to the extent they have not already done so pursuant to the TRO, within three (3) days of service of this Order, shall prepare and deliver to Plaintiff's counsel and the Receiver:

15

A.  Completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.  Completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

## IX.  FOREIGN ASSET REPATRIATION

Within five (5) days following the service of this Order, to the extent that they have not already done so pursuant to the TRO, each Defendant shall:

A.  Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.  Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**;

C.  Transfer to the territory of the United States all Documents and Assets located in foreign countries which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the

benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.     The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## X.     NON-INTERFERENCE WITH REPATRIATION

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

17

## XI.    CONSUMER CREDIT REPORTS

Plaintiff may obtain credit reports concerning Individual Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XII.    PRESERVATION OF RECORDS

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; or

B.    Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## XIII.    REPORT OF NEW BUSINESS ACTIVITY

Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are

18

restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing:  (1) the name of the business entity; (2) any fictitious business names associated with the entity; (3) the address and telephone number of the business entity; (4) the state of incorporation or organization of the business entity; (5) the Employee Identification Number or Federal Employer Identification Number of the business entity; (6) the names of the business entity's officers, directors, principals, managers, and employees; and (7) a detailed description of the business entity's intended activities.

## XIV.   <u>CONTINUATION OF RECEIVERSHIP</u>

In accordance with the Omnibus Order entered by the Court on April 29, 2026 (DE [48]), Paul O. Lopez shall continue as receiver ("Receiver") of the Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.  This Order shall constitute the appointment or re-appointment of the Receiver for purposes of 28 U.S.C. § 754.

## XV.   <u>DUTIES AND AUTHORITY OF RECEIVER</u>

The Receiver is directed and authorized to accomplish the following:

A.      Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

19

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.      Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.      Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of the Receivership Entities.  *Provided, however,* that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial

accounts and access to electronic documents held onsite or by Electronic Data Hosts) by changing usernames, passwords, or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

F.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other

21

records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web pages or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.      Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration

22

proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including actions challenging fraudulent or voidable transfers;

N.      Issue subpoenas to obtain Documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.      Allow Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.      Allow Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.    Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.    Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.    If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. *Provided, however,* that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

V.    If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations;

W.    If the Receiver makes the good faith determination that the business of the Receivership Entities cannot be lawfully operated at a profit, the Receiver is directed and authorized to wind up the business affairs of the Receivership Entities, including, where appropriate, liquidating all assets.  The Receiver may take any necessary measures to

24

preserve the assets of the receivership estate, including the sale of property and the termination of contracts, including leases of business premises; and

X.      File reports with the Court on a reasonable and timely basis on matters that the Receiver believes should be brought to the Court's attention.

## XVI.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

Defendants and any other person with possession, custody, or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately upon the written or oral instruction of the Receiver transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All Assets held by or for the benefit of the Receivership Entities;

B.      All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.      All Documents of or pertaining to the Receivership Entities;

D.      All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.      All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

25

F.       All keys, codes, user names, and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.   Upon the filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other thing and to deliver it to the Receiver.

## XVII.   PROVISION OF INFORMATION TO RECEIVER

Defendants, to the extent they have not already done so, shall immediately provide to the Receiver:

A.       A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.       A list of all agents, employees, officers, attorneys, servants, and those persons in active concert and participation with any of the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.     A description of any Documents covered by attorney-client privilege or attorney work product, including files where such Documents are likely to be located, authors or recipients of such Documents, and search terms likely to identify such electronic Documents.

## XVIII.   COOPERATION WITH THE RECEIVER

Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys; all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order by personal service or otherwise shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIX.    NON-INTERFERENCE WITH THE RECEIVER

Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise,

27

and any other person served with a copy of this Order, are restrained and enjoined from directly or indirectly:

A.     Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.     Transacting any of the business of the Receivership Entities;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.     Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX.   STAY OF ACTIONS

Except by leave of this Court, during the pendency of the receivership ordered herein, Defendants; Defendants' officers, agents, employees, and attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, and their corporations, subsidiaries, divisions, or affiliates; and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including:

A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.      Filing or enforcing any lien on any asset of the Receivership Entities; taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, acts of self-help, or otherwise.

*Provided, however,* that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXI.   <u>COMPENSATION OF RECEIVER</u>

The Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation, as described in the Court's Order Granting Receiver's Motion to Employ Legal Counsel and Paralegals *Nunc Pro Tunc* (DE [36]), for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the

parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications above those rates referenced in the Receiver's Motion to Employ Legal Counsel and Paralegals *Nunc Pro Tunc* (DE [17] without prior approval of the Court.

### XXII. ACCESS TO BUSINESS PREMISES AND RECORDS

A. In order to continue to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to any business premises and storage facilities, owned, controlled, or used by the Receivership Entities. Such locations include 1401 N. University Drive, Suites 200–207, Coral Springs, Florida 33017, and any offsite location or commercial mailbox used by the Receivership Entities. The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the access;

B. Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied, and shall return any removed materials at such time as is agreed upon by Plaintiff and the Receiver;

C. Plaintiff's access to the Receivership Entities' Documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiff;

D. Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state, and local law

enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.      If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon the written or oral instruction of the Receiver, Defendants and Receivership Entities shall produce or facilitate the transfer to Plaintiff and the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access.  In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection.  Defendants are precluded from introducing in any proceeding in this case any Document not so produced; and

F.      If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Receivership Entity shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXIII.  DISTRIBUTION OF ORDER BY DEFENDANTS

Defendants shall immediately provide a copy of this Order to each affiliate, Telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division,

31

and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with any of them to disregard this Order or believe that they are not bound by its provisions.

## XXIV. <u>EXPEDITED DISCOVERY</u>

Notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiff and the Receiver may take the deposition of parties and non-parties.  Forty-eight (48) business hours' notice shall be sufficient notice for such depositions.  The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken

32

pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, *provided, however,* that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days of service;

D.      Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service;

E.      Service of discovery taken pursuant to this Section, shall be sufficient if made by email or overnight delivery;

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) and (f) of the Federal Rules of Civil Procedure; and

G.      The parties are exempted from making initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until further order of this Court.

XXV.  <u>**SERVICE OF THIS ORDER**</u>

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, email, or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant, or any person (including any financial institution) that may have possession, custody, or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

XXVI. <u>**CORRESPONDENCE AND SERVICE ON PLAINTIFF**</u>

For the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Matthew Schiltz, Esq.
William Hodor, Esq.

Federal Trade Commission, Midwest Region
230 South Dearborn, Suite 3030
Chicago, Illinois  60604

(312) 960-5619 [telephone, Schiltz]
(312) 960-5592 [telephone, Hodor]

mschiltz@ftc.gov [email, Schiltz]
whodor@ftc.gov [email, Hodor]

XXVII. <u>**RETENTION OF JURISDICTION**</u>

This Court shall retain jurisdiction of this matter for all purposes.

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF**

**FEDERAL TRADE COMMISSION**

/s/ Matthew G. Schiltz
Matthew G. Schiltz (Special Bar No. A5502617)
William J. Hodor (Special Bar No. A5501501)
Federal Trade Commission, Midwest Region
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
(312) 960-5619 [telephone, Schiltz]
(312) 960-5592 [telephone, Hodor]
mschiltz@ftc.gov [e-mail, Schiltz]
whodor@ftc.gov [e-mail, Hodor]

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


**FOR DEFENDANTS**

**INNOVATIVE PARTNERS, LP**
**AMERICAN COLLECTIVE, LP**
**HEALTH PLAN ADMINISTRATORS, LLC**
**PAPYRUS GREEN INVESTMENTS LLC**

/s/ Jeffrey Todd Foreman
Jeffrey Todd Foreman (FBN 612200)
SPERLING KENNY NACHWALTER, LLC
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
(305) 373-1000 [telephone]
(305) 372-1861 [facsimile]
jtf@sperlingkenny.com [e-mail]

Attorney for Defendants
INNOVATIVE PARTNERS, LP
AMERICAN COLLECTIVE, LP
HEALTH PLAN ADMINISTRATORS, LLC
PAPYRUS GREEN INVESTMENTS LLC

35

**AHMED IBRAHIM SHOKRY**, individually

/s/ Jeffrey Todd Foreman
Jeffrey Todd Foreman (FBN 612200)
SPERLING KENNY NACHWALTER, LLC
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
(305) 373-1000 [telephone]
(305) 372-1861 [facsimile]
jtf@sperlingkenny.com [e-mail]

Attorney for Defendant
AHMED IBRAHIM SHOKRY, individually

**AMANI IBRAHIM SHOKRY**, individually

/s/ David J. Joffe
David J. Joffe
JOFFE LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
(954) 723-0007 [telephone]
(954) 723-0033 [facsimile]
davidjjoffe@aol.com [e-mail]

Attorney for Defendant
AMANI IBRAHIM SHOKRY, individually

        **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 7th day of

May 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF