UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-60976-CIV-SINGHAL

SINGHAL FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

INNOVATIVE PARTNERS, LP, d/b/a.,
INNOVATIVE HEALTH PLAN or
HEALTHCARE PLAN; AMERICAN
COLLECTIVE, LP, d/b/a
ACLP HEALTH PLAN; HEALTH PLAN
ADMINISTRATORS LLC; PAPYRUS
GREEN INVESTMENTS LLC; AHMED
IBRAHIM SHOKRY; AMERICAN
COLLECTIVE, LP; PAPYRUS
GREEN INVESTMENTS LLC; and
AMANI IBRAHIM SHOKRY

      Defendants.

_____/

### RECEIVER'S EXPEDITED MOTION FOR THE APPOINTMENT OF A RECEIVER FOR PROSPERITY HEALTH, LLC

Paul Lopez in his capacity as Receiver (the "Receiver") for the above named Defendants, Inc. (collectively referred to as "Innovative"), by his undersigned counsel, move for an Order appointing him as Receiver over Prosperity Health, LLC ("Prosperity"), an affiliate, insider, or wholly owned by the Defendant Ahmed Shokry, with full and exclusive power, duty, and authority to administer and manage the business affairs, funds, tangible and intangible assets, choses in action, and any other property of Prosperity, marshal and safeguard Prosperity's assets, and take whatever actions are necessary for the protection of defrauded investors in this case on the following grounds:

1

#3514103v1-221495.0001

**BASIS FOR AN EXPEDITED MOTION**

Pursuant to Southern District of Florida Local Rule 7.1(d)(2), the Receiver certifies that this is an Expedited Motion due to the fact that the Receiver has a concern that absent an expedited ruling by the Court, based upon past performance of the principals of INNOVATIVE and Prosperity, transfers or other actions may be made or undertaken which would dissipate the assets to be administered if a receiver is not appointed.

**FACTUAL BACKGROUND**

For an initial factual background, the Receiver incorporates by reference the factual discussion in the Federal Trade Commission's Complaint For Permanent Injunction Monetary Judgment, And Other Relief Emergency (D.E 1] filed in this proceeding which led to the entry of a Temporary Restraining Order which included the appointment the Receiver [D.E. 13] (the "Receivership Order") on April 15, 2026. On May 7, 2026, the Court entered a Stipulated Preliminary Injunction [DE 64] which contains language virtually identical to the language contained in the Receivership Order. Pursuant to paragraph XV(U) of the Receivership Order, the Receiver may expand the Receivership to include other entities.

The Receiver and his legal and accounting professionals have been severely hampered in their investigation of the acts and conduct of INNOVATIVE, its principals as well as its legal and accounting professionals for pre-Receivership activity because management of INNOVATIVE chose to intentionally and/or negligently destroy documents and evidence memorializing the business operations of the Defendants as set forth in prior motions and declarations filed in this proceeding.

Based upon the investigation to date by the Receiver and his legal professionals and based upon the records of the Secretary of State of Florida, Prosperity was a single-member Florida

2

limited liability company where the records indicate that Ahmed Shokry was the sole member and officer of the entity. According to the records of the Secretary of State of Florida, on October 10, 2024, Ahmed Shokry filed a voluntary dissolution of Prosperity. Nevertheless, the Receiver has located assets in Prosperity's name and Prosperity is listed as the tenant on the lease of the business facility located at 401 N. University Dr., Coral Springs, FL where multiple tangible personal property was found. Additionally, the receiver's professionals have received information that at or about the time of the entry of the receivership order, Mr. Shokry entered into a lease agreement in the name of Prosperity for office space located on Oakland Park Blvd. in Fort Lauderdale and caused a security system with cameras to be installed in that facility. As a result, it appears that Mr. Shokry is continuing to operate and/or conduct business in Prosperity's name, although it is a dissolved corporate entity.

The Receiver and his professionals have attempted to obtain information and locate documents to ascertain the title owner of personal property located at the business facility at 401 N. University Dr. where the corporate Defendants collectively did business. Such information has not been provided to the Receiver and his professionals, and no documents have been found. As a result, there may be assets located at the Coral Springs office facility that technically belong to Prosperity but were being utilized by the other corporate Defendants at the time of the entry of the Receivership Order. As such, those assets need to be administered as part of the receivership estate.

To facilitate the administration of the assets belonging to Prosperity and to investigate the acts and conduct of Prosperity and its principals in order for the Receiver to carry out his fiduciary duties, it is necessary and appropriate that the Receivership Order be expanded to include Prosperity as being subject to the receivership proceeding.

#3514103v1-221495.0001

## APPOINTMENT OF RECEIVER OVER PROSPERITY IS APPROPRIATE

Receivership is an equitable remedy the federal courts routinely enlist to effectuate the remedial purposes of securities laws.  By analogy *See, e.g., SEC v. First Fin. Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) ("The appointment of a receiver is a well-established equitable remedy available to the SEC in civil enforcement proceedings"); *see generally*   15 U.S.C § 78u(d)(5) ("In any action . . . brought . . . by the Commission under any provision of the securities laws, the Commission may seek, and any federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of the investors").  Because the Innovative Receiver was appointed on the motion of the FTC as a result of the alleged illegal and inappropriate activities perpetrated by Innovative, and because the Receiver as a fiduciary of the Court is charged with recovering assets for Innovative's defrauded customers, the Receiver should be afforded the same opportunity to seek the appointment of a receiver for Prosperity as an affiliated entity of Innovative.

## CERTIFICATION OF CONFERRING WITH OPPOSING COUNSEL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), on May 18, 2026, counsel for the Receiver communicated by email with all counsel of record attaching a copy of a draft of this Motion and seeking counsels' consent to the relief requested in this Motion. In response, counsel for Amani Shokry responded that his client has no objection to the requested relief. Counsel for the remining Defendants has objected.

WHEREFORE, Paul Lopez as Receiver for all four corporate Defendants requests this Court to enter an order appointing him as Receiver for Prosperity Health LLC  and for such other and further relief as is appropriate.

**TRIPP SCOTT, P.A.**
*As Counsel to the Receiver*

4

#3514103v1-221495.0001

5

110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Phone: (954) 525-7500

By: */s/ Charles M. Tatelbaum*
**Charles M. Tatelbaum, Esquire**
Florida Bar No. 177540
cmt@trippscott.com
aaa@trippscott.com
eservice@trippscott.com
**Corey D. Cohen, Esquire**
Florida Bar No. 1024891
cdc@trippscott.com
mrw@trippscott.com
eservice@trippscott.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 19th day of May, 2026, I electronically filed the foregoing document via this Court's CM/ECF system which provided a true copy to all those entitled to notice.

By: */s/ Charles M. Tatelbaum*
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540

5

#3514103v1-221495.0001