UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION,

                    Plaintiff,

vs.

INNOVATIVE PARTNERS, LP, d/b/a
INNOVATIVE HEALTH PLAN or
HEALTHCARE PLAN; AMERICAN
COLLECTIVE, LP, d/b/a
ACLP HEALTH PLAN; HEALTH PLAN
ADMINISTRATORS, LLC; PAPYRUS
GREEN INVESTMENTS LLC; AHMED
IBRAHIM SHOKRY; AMERICAN
COLLECTIVE, LP; PAPYRUS
GREEN INVESTMENTS LLC; and
AMANI IBRAHIM SHOKRY;

                    Defendants.

_____/

CASE NO. 26-60976-CIV-SINGHAL

**MOTION TO COMPEL DISMISSAL OF CLASS ACTION
<u>COMPLAINT AND FOR SANCTIONS</u>**

Paul Lopez, in his capacity as Receiver for Innovative Partners LP ("Innovative") and related entities, moves to compel dismissal of the Complaint For Damages, Restitution, And Injunctive And Declaratory Relief etc. (the "Class Action Complaint") filed in the United States District Court for the Southern District of New York, Case No. 26-cv-03438 and for sanctions against the attorney who filed it, Nicolas Renaud Diefenbacher ("Diefenbacher").

1.      On April 15, 2026, this Court entered a Sealed Ex Parte Temporary Restraining Order With Asset Freeze, Appointment Of A Receiver, Other Relief, And Were To Show Cause Why A Preliminary Injunction Should Not Issue (the "TRO") [DE 13]. The Court subsequently entered a Stipulated Preliminary Injunction that incorporated substantially similar language as the TRO (the "SPI") [DE 64].

#5008531v1-890000.0245

2.      Section XX of both the TRO and SPI provide:

Except by leave of this Court, during the pendency of the receivership ordered herein…all investors, creditors, stockholders, lessors, **customers**, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, **are enjoined from taking action** that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including…**[c]ommencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities**, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations.

[DE 64] (emphasis added).

3.      On April 27, 2026, almost two weeks after the entry of the TRO, Diefenbacher filed the Class Action Complaint on behalf of a former Innovative customer, Peter M. Grethe, against Innovative in the Southern District of New York. A copy of the Class Action Complaint is attached hereto as Exhibit "A".

4.      On May 7, 2026, Diefenbacher filed a Certificate of Service allegedly serving the Class Action Complaint upon Innovative's registered agent in Austin, Texas.  [DE 8 in N.Y.].

5.      On May 13, 2026, Diefenbacher filed a RICO Statement [DE 9 in N.Y.] and allegedly served it upon the same registered agent on May 18, 2026 [DE 10 in N.Y.].

6.      On June 17, 2026, Diefenbacher sent an email to the Receiver attaching a copy of the Class Action Complaint and inquiring "whether there are procedures for notifying the receiver of pending claims."

7.      On the same day, counsel for the Receiver sent an email to Diefenbacher advising him of the provisions of the TRO that precluded the commencement of any judicial proceeding against any of the Receivership Entities. Given the fact that Diefenbacher sent his initial email to innovativereceiver@trippscott.com, he was undoubtedly aware of the pendency of the

#5008531v1-890000.0245

Receivership proceedings. In addition, Receiver's counsel attached a copy of the TRO and SPI and demanded that the Class Action Complaint be dismissed prior to 5:00 PM, Eastern time on June 19, 2026.

8.      On June 18, 2026, Diefenbacher sent an email to counsel for the Receiver requesting a 15-day extension to respond to the demand to dismiss the Complaint stating that Diefenbacher needed more time to study the issue.

9.      On June 19, 2026, counsel for the Receiver sent an email to Diefenbacher stating that the requested extension was denied, that the TRO and SPI were perfectly clear and unambiguous, and that the continued maintenance of the proceeding against Innovative was a clear violation of both of this Court's Orders.

10.     On Saturday, June 20, 2026, Diefenbacher sent an email to counsel for the Receiver refusing to dismiss the Complaint.

11.     Diefenbacher's continued prosecution of this action after being expressly advised of the TRO and SPI constitutes willful, bad faith conduct and a direct affront to this Court's exclusive jurisdiction. *See Trump v. Clinton*, 653 F. Supp. 3d 1198, 1209 (S.D. Fla. 2023) (noting the Court may safely rely on its inherent power to sanction bad faith conduct in the course of litigation). The TRO and SPI plainly enjoin customers from commencing or continuing actions against the Receivership Entities without leave of this Court. Diefenbacher's refused to comply is a blatant violation of both Orders.

12.     Presumably, the purpose of the litigation stay is to preserve receivership assets for the benefit of all claimants. Diefenbacher's conduct undermines that purpose. If permitted to continue, the Receiver would be required to engage local counsel in New York, file an appearance in the action commenced by Diefenbacher, and then seek to have the Complaint dismissed; all of

#5008531v1-890000.0245

which would cause unnecessary expense to the receivership estate and harm the very claimants the receivership is intended to protect.

13. Diefenbacher cannot provide any legitimate legal or factual basis that would permit him to continue the prosecution of the action initiated by the Complaint and to continue his blatant violation of the provisions of the TRO and SPI.

14. As a direct result of Diefenbacher's bad faith conduct, the Receiver has been compelled to incur attorney's fees in bringing this Motion. Accordingly, this Court should require the Class Action Complaint to be dismissed and sanction Diefenbacher for the fees and costs associated with this Motion.

WHEREFORE, Paul Lopez as Receiver requests this Court to enter an Order (a) compelling Diefenbacher to immediately dismiss the Class Action Complaint filed in the United States District Court for the Southern District of New York, (b) assessing sanctions against Diefenbacher in the form of fees and costs, and (c) any additional relief this Court deems just and proper.

By: */s/ Charles M. Tatelbaum*
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540
Corey D. Cohen, Esquire
Florida Bar No. 1024891
**TRIPP SCOTT, P.A.**
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Phone: (954) 525-7500
E-mail: pol@trippscott.com

**CERTIFICATION OF CONFERRAL**

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), counsel for the Receiver communicated by email from June 17 – June 20, 2026 2023 with Nicolas Renaud Diefenbacher, who does not agree with the relief sought in this Motion.

4

#5008531v1-890000.0245

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 22nd day of June, 2026, I electronically filed the foregoing document with the Clerk of Court via CM/ECF and also sent by email a copy of this Motion to Nicolas Renaud Diefenbacher at nicolas@diefenbacher-law.com.

By: <u>*/s/ Charles M. Tatelbaum*</u>
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540

5

#5008531v1-890000.0245