**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 26-60976-CIV-SINGHAL**

FEDERAL TRADE COMMISSION,

     Plaintiff,

v.

INNOVATIVE PARTNERS, LP, *et al.*,

     Defendants.

_____/

**DEFENDANT AHMED SHOKRY'S RESPONSE TO**
**APPOINTING RECEIVER OVER SAFE GUARD MANAGEMENT**

Regardless of whether Safe Guard Management LLC ("Safe Guard") technically satisfies the definition of a Receivership Entity, the Receiver has not identified a need or any practical benefit to support the addition of Safe Guard to the Receivership. The FTC knew about Safe Guard well before this litigation began – it obtained two years of Safe Guard's bank records before filing this matter, and, when it filed its materials in support of the TRO, the FTC identified to this Court the same transfers disclosed by the Receiver in his present motion. (*See* Carson Dec., ECF 7-20 at pp. 12, 20.) Despite this knowledge about Safe Guard, the FTC did not name it as a defendant, and neither the FTC nor the Receiver sought to add Safe Guard as a Receivership Entity when the parties negotiated and stipulated to the Preliminary Injunction.

Avoiding the incremental administrative cost makes sense because Safe Guard assets are already frozen pursuant to the Preliminary Injunction. On May 5, 2026, Defendant Ahmed Shokry identified Safe Guard assets in a sworn financial statement provided to the FTC and the Receiver's representative, identifying two Safe Guard bank accounts (totaling roughly $20,000) and a vehicle, which Mr. Shokry is in the process of *voluntarily* turning over. Shokry has treated these assets as

frozen under the Preliminary Injunction's asset freeze provisions applicable to Shokry's individual assets. And when the Receiver's representatives informed Shokry's counsel that the Receiver intended to seek an order naming Safe Guard as a Receivership Entity, Shokry's counsel reiterated that Shokry would treat Safe Guard assets as frozen individual assets, obviating any need for the additional cost and administrative burden of a formal receivership. (ECF 103 at p. 3, 5.)

Because Safe Guard's assets are frozen, the Receiver's assertion that "there is imminent danger that Safe Guard's property or assets will be lost or diminished in value" if it is not subject to the Receivership is without merit. The only support the Receiver offers for this assertion is that Safe Guard may have a 45% interest in a company called My Claim Assist LLC, an investment that the Receiver asserts was made months before the Receiver's appointment. (ECF 103 at pp. 5-6.)  But the fact that Safe Guard may hold a minority interest in another company does not establish any imminent danger that any asset will be lost.

In summary, the Receiver has not shown that his proposed inclusion of Safe Guard in the Receivership will have any practical effect on assets beyond converting already-frozen individual assets into Receivership assets.  Because the Receiver has not demonstrated that adding Safe Guard to the Receivership will provide any benefit, his motion should be denied.

Dated: July 15, 2026      Respectfully submitted,

_/s/ Jeffrey T. Foreman_
Jeffrey T. Foreman (FBN 612200)
SPERLING KENNY NACHWALTER, LLC
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
jtf@sperlingkenny.com

_Attorney for Ahmed Shokry_

2