UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60976-CIV-SINGHAL

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

INNOVATIVE PARTNERS, LP d/b/a
INNOVATIVE HEALTH PLAN or
HEALTHCARE PLAN, *et al.,*

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Receiver's Motion for the Appointment of a Receiver for Safe Guard Management, LLC (the "Motion") (DE [103]). The Receiver argues that Safe Guard Management, LLC ("Safe Guard"), is holding assets belonging to the Receivership Entities and should be included within the Receivership.  Defendant Ahmed Shokry responded (DE [112]), and the Receiver filed a reply, (DE [121]).

Ahmed Shokry is the sole member of Safe Guard, and he is the beneficial owner of Safe Guard's Bank United account.  (DE 103-2, at 2, 4).  In the nine months preceding the entry of the Receivership Order, (DE [64]), Safe Guard made 15 deposits into Defendant American Collective, LP's bank account, totaling approximately $704,923.44. (DE [103-3]).  In that same period, Defendant Health Plan Administrators, LLC transferred approximately $628,279.74 to Safe Guard.  (DE [103-5]). Safe Guard also owns 45% of another entity, My Claim Assist.Com, LLC, (DE [103-6] at 1).  Although only a minority share, Safe Guard owns twice as much as any other named member.  *Id.*  Relevant here,

lawyers for Defendant Innovative Partners LP, have billed for work done on behalf of My Claim Assist.Com.  (DE [103-6] at 13-14).  Also, Defendant Ahmed Shokry acknowledges that he is in possession of a vehicle registered in Safe Guard's name.

Safe Guard meets the definition of a receivership entity. (DE [64] at 6).  Safe Guard is controlled by Defendant Ahmed Shokry, and it has received significant assets from Defendant Health Plan Administrators, LLC, presumably resulting from the activity at issue in this case.  Defendant does not dispute this and instead argues that expanding the Receivership to Safe Guard is unnecessary, because Safe Guard's accounts are already frozen and Defendant Ahmed Shokry is in the process of turning over the vehicle to the Receiver.  Defendant Ahmed Shokry also assured the Defendants that any of Safe Guard's undisclosed assets would be treated as frozen.  But if assurances of defendants were sufficient to ensure that resources were not dissipated, receiverships would never be necessary.  Considering Safe Guard's financial ties to multiple corporate Defendants in this action, Safe Guard's significant ownership in another entity My Claim Assist.Com, LLC, which is connected with Defendant Innovative Partners LP, and the history of evidence being destroyed in this case, expanding the receivership makes sense.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion (DE [103]) is **GRANTED.**

2. Safe Guard Management, LLC shall be subject to the Stipulated Preliminary Injunction (DE [64]) as a Receivership Entity.

3. The Receiver shall serve the Stipulated Preliminary Injunction (DE [64]) and this Order on Safe Guard Management, LLC by any means, including facsimile transmission, email, or other electronic messaging, personal or overnight

delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server.

4. The Receiver shall take control of Safe Guard Management, LLC as a Receivership Entity pursuant to the Stipulated Preliminary Injunction (DE [64]).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of July 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF