**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE PARTNERS, LP, also doing business as INNOVATIVE HEALTH PLAN or HEALTHCARE PLAN, a Texas limited partnership, *et al.*<br><br>Defendants. | No. 26-cv-60976-AHS |

**DEFENDANT AMANI SHOKRY'S MOTION TO STAY PROCEEDINGS**

Amani Shokry ("Shokry" or "Defendant"), by her attorneys, and pursuant to Federal Rule of Civil Procedure files her Motion to Stay Proceedings.

<u>FACTUAL BACKGROUND</u>

1. Plaintiff, FEDERAL TRADE COMMISSION ('hereinafter "FTC""), filed its Complaint on April 7, 2026, against the Defendants.

2. Shokry is seeking a stay of all proceedings in this action, only as it relates to Shokry, due to criminal charges being filed against Shokry. Said charges are in fact related to the allegations alleged in the FTC's civil complaint that was filed in this matter.

<u>LEGAL ARGUMENT</u>

This Court has discretion to grant Shokry's motion to stay these civil proceedings due to the criminal charges pending where the interest of justice requires such action. *See, e.g., Landis v. N. American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163 (1936). A district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. *U.S. v. Little Al*, 712 F.2d 133 (5th Cir. 1983).

The following factors are relevant to determining whether "special circumstances" exist: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Abrams v. Tuberville*, 2013 WL 842710 (M.D. Ala March 6, 2013). Accordingly, a district court must stay a civil proceeding pending the resolution of a related criminal prosecution when there are special circumstances that require the stay in the interest of justice. *U.S. v. Lot 5, Fox Grove, Alachua County, Florida* 23 F.3d 359 (11th Cir. 1994).

In addition to the above factors, a district court must also consider whether the movant seeking the stay will suffer irreparable damage if the stay is denied and whether the adverse party will suffer no substantial harm if the stay is issued. This also relates to the first factor cited in *Abrams v. Tuberville*. Also, the fact that Shokry is is being criminally charged in and of itself will protect the rights of the other investors and the government, which the FTC is a part of, will in fact seek justice for all the investors by seeking justice for the alleged victims. Furthermore, Shokry is not seeking a stay as to the other non-indicted defendants in the civil case and there is nothing to prevent the FTC from continuing with their case against those defendants.

As to the second factor, Shokry and her counsel are scheduled to meet with the AUSA in connection with the pending criminal charges, which is a very relevant fact for this court to consider. Also, the fact that in the civil case, no trial date has been set. Therefore, the stay will not stay the trial since one has not been set and both the civil and criminal case are in the initial stages.

On the third and sixth factors, the FTC will not be prejudiced as they can proceed with the case as to the other defendants and therefore obtain said discovery as it relates to said unindicted defendants. Therefore, there is no harm to the FTC or the public interest. Furthermore, the public interest will be

served in the criminal case since the criminal case is for the benefit of the public and not the private sector.

A court of appeals reviews the district court's decision as to the granting or denying a stay for an abuse of discretion standard. *Itel Corp., v M/S Victoria U,* 710 F.2d 199 (5th Cir. 1983). Shokry argues that she has met her burden and therefore the denial of her Motion for a Stay would be irreparable harm and an abuse of the district court's discretion. In special circumstances, a district court should stay one of the proceedings pending completion of the other to prevent party from suffering substantial and irreparable prejudice as result of simultaneous investigations or lawsuits. The same is true in this case and therefore the Motion for Stay must be granted.

WHEREFORE, Shokry respectfully requests that this Honorable Court, in the interest of justice, grant her Motion to Stay the Civil Proceedings and award such other and further relief as this Court deems just and proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of October 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

JOFFE LAW, P.A.
Attorneys for Defendant
The 110 Tower Building
110 S.E. 6th Street Suite 1700
Fort Lauderdale, Florida 33301
Phone: (954) 723-0007
Fax: (954) 723-0033

By David J. Joffe
DAVID J. JOFFE, ESQUIRE
Florida Bar No. 0814164